# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| 1163 WEST PEACHTREE STREET APARTMENTS INVESTORS, LLC, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION |
| vs. ) ) | FILE NO. 1:21-cv-00219-TWT-WEJ |
| EINSTEIN & NOAH CORPORATION D/B/A CARIBOU COFFEE & EINSTEIN BAGELS, ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant. ) ) | |

## ANSWER, AFFIRMATIVE DEFENSES, AND JURY TRIAL DEMAND

Defendant Einstein and Noah Corporation ("Einstein"), by and through undersigned counsel, files this Answer, Affirmative Defenses, and Jury Trial Demand ("Answer") to Plaintiff's Dispossessory Affidavit for Proceeding Against Tenant Holding Over ("Complaint"), and states as follows:

### RESPONSES TO SPECIFICALLY NUMBERED PARAGRAPHS OF PLAINTIFF'S COMPLAINT

Einstein responds to each of the specifically numbered paragraphs of Plaintiff's Complaint as follows:

1. Denied as stated. Rather, Einstein is in possession of a portion of the premises located at the address stated in the Complaint.

2. Denied. Rather, the affiant is the attorney for the owner.

3. Denied.

4. Einstein is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 4 of Plaintiff's Complaint, and thus, this response serves as a denial.

5. Denied as stated. Answering further, Einstein admits that it has not delivered possession of the subject premises, but it denies all other allegations and averments contained in paragraph 5 of Plaintiff's Complaint, including any implication that Einstein is under any obligation to deliver possession of the subject premises.

### RESPONSE TO PLAINTIFF'S DEMAND FOR RELIEF

Einstein denies that Plaintiff is entitled to any of the relief demanded in its Complaint and further denies that Plaintiff is entitled to any relief whatsoever against Einstein. Einstein denies each and every allegation contained in Plaintiff's Demand for Relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of Plaintiff's claim in its Complaint, and without waiving and hereby expressly reserving the right to assert any and all such defenses at such time and to such extent as discovery and factual developments establish a basis therefore, Einstein asserts the following defenses:

### First Defense

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Second Defense

Einstein is not in breach of the Lease Agreement because no rent is due by operation of Section 18.1(e) of the Lease as amended by operation of law.

From the start of 2020 until the present, there has been a global Coronavirus and COVID-19 pandemic. Various state and local governments have issued "shut down" or "shelter-in-place" orders throughout 2020 and 2021, and some of these orders remain effective today. For example, in the City of Atlanta, where the subject premises are located, restaurant operations are currently limited to "to-go and curbside pickups" only. Recently, there are indications that new and more restrictive orders will be issued imminently. All

governments have failed to control the outbreak and prevent further spread of the coronavirus and COVID-19.  Einstein has no control over these events, none of which were reasonably foreseeable.

At least 403,000 people have died as a result of the Coronavirus and COVID-19 pandemic in the United States, an amount that exceeds the total number of American soldiers killed in World War II by more than 100,000 people and that exceeds the total number of American soldier deaths in the American Revolutionary War, the War of 1812, the Indian Wars, the Mexican War, the Spanish-American War, World War I, the Korean War, the Vietnam War, the Gulf War, the Iraq War, and the Afghanistan War combined.  Of the more than 403,000 people who have died of the pandemic in the United States, at least 12,582 have died in Georgia.  There have now been more than 24,317,000 cases of COVID-19 diagnosed in the United States, at least 828,444 of which have been in Georgia, an amount that is approximately 8% of the state's last-known population.

From May 28, 2020 until the present, Georgia has been in either the yellow or red zone as defined by the White House Coronavirus Task Force for reopening.  In the past week, 17% of all coronavirus tests administered in Georgia reflect that the subject has COVID-19.  Many local and state public

schools, private schools, and daycares have been closed or otherwise unable to offer in-person services from various times since March of 2020 to the present due to a combination of government action, government inaction, and the pandemic.

As a result, a significant portion of the Georgia and national workforce is working from home on a full-time or part-time basis who would ordinarily be working in the office but for the severe disruption stated above, many of whom are also providing childcare services to their own children that would have been provided by another caregiver.  It is thus unsurprising that Einstein's business has shrunk dramatically, given that the business is driven largely by catering events to office environments and casual pick-up food and coffee services for local office workers.  No one, and certainly not Einstein, could have predicted these events.

As a result of this severe disruption, Einstein is not liable and the period of performance for any action or inaction by Einstein has been extended such that no obligation has become due under the Lease Agreement by operation of Section 18.1(e).  Although Section 18.1(e) contains the language that "[t]he foregoing is inapplicable to the payment of Rent and Additional Rent unless due to an act arising after Tenant's mailing and affecting the physical delivery of

payment," that language is ambiguous, amounts to an improper contract of adhesion, is unconscionable, and illegal under O.C.G.A. § 13-4-21.

As a result, Plaintiff's Complaint is not well-taken and should be dismissed.

### Third Defense

Plaintiff's Complaint must be dismissed because Plaintiff, not Einstein, assumed the risk that Einstein would be unable to meet its obligations under the Lease Agreement due to one or more events, acts, or circumstances beyond the control of Plaintiff or Einstein.

### Fourth Defense

Plaintiff is not entitled to the relief sought in its Complaint, in whole or in part, because Plaintiff has failed to mitigate its damages.

### Fifth Defense

Any monetary award to the Plaintiff must be adjusted to reflect the Plaintiff's receipt of valuable improvements and alterations made to the subject premises that Einstein performed at its own expense, and it would be unjust for Plaintiff to retain those improvements without compensating Einstein.

### Sixth Defense

Plaintiff is not entitled to the relief sought in its Complaint because Plaintiff has not met all of its contractual obligations under the Lease Agreement.

### Seventh Defense

Plaintiff's claims do not describe the claims asserted against Einstein with sufficient particularity to enable Einstein to determine all of the defenses and potential counterclaims available to Einstein. Einstein reserves the right to assert all defenses and claims that may be applicable to Plaintiff's claims until such time as the precise nature of the various claims are ascertained and all facts are discovered.

### Eighth Defense

Plaintiff is not entitled to the relief sought because it is impossible for Einstein to comply with the Lease Agreement. *See* O.C.G.A. § 13-4-21.

### Ninth Defense

Plaintiff is not entitled to the relief sought because the parties made one or more mutual mistakes of fact or law such that the Lease Agreement does not accurately state what the parties believed the Lease Agreement to state. *See* O.C.G.A. § 13-5-4.

### Tenth Defense

Plaintiff is not entitled to the relief sought because Plaintiff has not complied with all of the statutory requirements under O.C.G. Sections 44-7-49 et seq.

### Eleventh Defense

Plaintiff is not entitled to the relief sought under the doctrines of commercial impracticability and frustration of purpose.

### Twelfth Defense

Einstein expressly reserves the right to assert additional affirmative defenses and counterclaims in the event that a further investigation or discovery in this action reveal them to be proper.

### JURY DEMAND

Einstein demands trial by jury on all issues triable by jury.  Einstein does not consent to a bench trial of any issue triable by jury.

**WHEREFORE,** Einstein respectfully requests that the Court order:

1. Judgment in favor of Einstein; and

2. Award Einstein costs, expenses and attorneys' fees.

Respectfully submitted this 20th day of January 2021.

**CARLTON FIELDS  P.A.**

By: */s/ Jason A. Morris*
Jason A. Morris
Georgia Bar No. 608298
1201 West Peachtree Street
Suite 3000
Atlanta, Georgia  30309-3455

        (404) 815-3400
        (404) 815-3415 (fax)
        Email:  jmorris@carltonfields.com

        ***Attorney for Defendant Einstein & Noah Corp.***

124762993.1

## **LOCAL RULE 7.1(D) CERTIFICATION**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared with Times New Roman, 14 point.

*/s/ Jason A. Morris*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 20, 2021, I served a true and correct copy of the foregoing document via the CM/ECF system and by depositing a copy of same into the United States mail, with sufficient postage affixed thereto, to counsel of record who are non-CM/ECF participants, addressed as follows:

J. Mike Williams, Esq.
Fowler, Hein, Cheatwood & Williams P.A.
2970 Clairmont Road
Suite 220
Atlanta, Georgia 30329

*/s/ Jason A. Morris*
Jason A. Morris

124762993.1